Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

for the

Southern District of Mississippi

APR – 1 2026

Northern Division

BY ARTHUR JOHNSTON
DEPUTY

Kedrick Neilson

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:26-CV-214-KHJ-MTP

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Mississippi Department of Corrections & VitalCore
Health Strategies

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kedrick Neilson |
| All other names by which you have been known: | |
| ID Number | 153080 |
| Current Institution | Central Mississippi Correctional Facility |
| Address | 3794 Highway 468 (P.O. Box 88550) |

| City | State | Zip Code |
|---|---|---|
| Pearl | MS | 39208 |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Mississippi Department of Corrections |
| Job or Title *(if known)* | Central Mississippi Correctional Facility |
| Shield Number | |
| Employer | |
| Address | 3794 Highway 468 (P.O. Box 88550) |

| City | State | Zip Code |
|---|---|---|
| Pearl | MS | 39208 |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | VitalCore Health Strategies |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | Central Mississippi Correctional Facility |
| Address | 805 South Wheatley Street Suite 340 |

| City | State | Zip Code |
|---|---|---|
| Ridgeland | MS | 39157 |

☐ Individual capacity    ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name _____

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

☐ Individual capacity      ☐ Official capacity

Defendant No. 4

Name _____

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

☐ Individual capacity      ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

This claim is being made on the grounds of medical neglect, unethical treatment and the deprivation of proper medical care. Any person, who under color of law, deprives another of constitutional or federal rights is liable to the injured party in a civil action at law, suit in equity, or other proper proceeding. Therefore, the plaintiff was deprived of proper medical care/treatment while in custody of MDOC.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Mississippi Department of Corrections: While in their custody, MDOC is obligated to ensure that inmates receive proper medical care as needed based on their condition(s). In this case they have failed to do so. VitalCore Health Strategies: While in MDOC custody, VitalCore is the primary medical provider. The clinic is obligated to diagnose the issues or make referrals/appointments based on condition. In this case they have failed to do so.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐      Pretrial detainee

☐      Civilly committed detainee

☐      Immigration detainee

☑      Convicted and sentenced state prisoner

☐      Convicted and sentenced federal prisoner

☐      Other *(explain)*    _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.      If the events giving rise to your claim arose in an institution, describe where and when they arose.

See attachment #1

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

      C.      What date and approximate time did the events giving rise to your claim(s) occur?
              See attachment #1

      D.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
              See attachment #1

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.
  See attachment #2

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.
  See attachment #3

STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

KEDRICK NEILSON                                    PLAINTIFF

V.                                  Cause No.

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, VITAL CORE                            DEFENDANT

IV. STATEMENT OF CLAIM
ATTACHMENT #1

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

*Oct. 2020 K.N.*

1. ~~December 2023~~ – Incarceration began
2. February 2024 – Could barely walk due to pain.
3. March 2024 – MRI was taken on neck and body.
4. April 2024 – Filed ARP at Parchman due to not being able to receive doctor care.
5. May 2024 – Transported to UMMC to have consultation with neurology surgeon.
6. June 2024 – Two (2) surgeries were approved. One for neck and the other for lower lumbar.
7. November 2024 – Emergency surgery performed in Memphis, TN @ St. Francis Hospital.
8. December 2024 – Started Rehabilitation
9. April 2025 – Filed ARP at CMCF due to lack of medical care.
10. July 2025 – Completed Rehabilitation.
11. July 2025 – Hydrocele of groin occurred.
12. September 25, 2025 – Transported to MS Baptist Hospital for basic neck x-ray.
13. September 26, 2025 – Transported to Southaven, MS to see neurosurgeon (Dr. Arnautovic) in which results were just a basic exam. He asked about x-ray from MS Baptist Hospital and MRI from CMCF that was not completed.
14. November 2025 – Transported back to Parchman due to retaliation of knowing about improper neck surgery.
15. December 2025 – Parchman medical assessed hydrocele of groin and started wound care.
16. December 2025 – Ultrasound scheduled for groin area set up by Dr. Antonio Costello.
17. January 2026 – Ultrasound done on scrotum.
18. January 2026 – MRI and full x-ray of neck done at MS Baptist Hospital where the diffused C3 & C4 nerve were discovered.

19. February 19, 2026 – Transported to Southaven, MS to have images read from previous MRI and discussed another potential procedure with Dr. Arnautovic.

In February 2024, the Mississippi Department of Corrections and VitalCore were made aware of my medical requests once I started to feel pain.  June 2024, which is when two (2) surgeries were approved, it was not until November 2024 when a corrective lumbar disc herniation procedure was completed. During this time, the condition and pain worsened which caused loss of mobility and flexibility.

During the time period of November 2024 to February 2026, I was given several diagnosis of my condition by several different doctors, physicians and medical personnel. I was seen by medical personnel at the Central Mississippi Correctional Facility, Mississippi State Penitentiary, University of Mississippi Medical Center (Jackson, MS), Semmes Murphy Clinic (Southaven, MS), and St. Francis Hospital (Memphis, TN).

Throughout the course of having different consultations and receiving different diagnosis after magnetic resonance imaging and ultrasounds were completed, I would be transported to a different facility or hospital where the previous information would not be available or would be categorized as inconclusive.

The inconsistencies of corrective procedures ultimately resulted in my condition worsening to the point of now being wheelchair bound and having to have medical assistance to get in/out of bed, using the bathroom and not being able to perform daily hygiene without help. The diagnosis range from cranial extrusion, severe central canal stenosis, posterior disc bulging, and anterior cervical directory infusion.

As a result of filing ARPs and continuously requesting proper medical care through the proper channels, I was transported back and forth to different facilities that was seen as retaliation. This caused a lack of communication between the prior medical provider and the next available medical provider based on my housing location. During this time I suffered medical neglect, defamation of character, depression which led to being prescribed Rimron by Nurse Kitchens at the Central Mississippi Correctional Facility and unethical treatment by medical personnel under the color of law.

<u>STATES DISTRICT COURT</u>
<u>SOUTHERN DISTRICT OF MISSISSIPPI</u>

KEDRICK NEILSON                                                    PLAINTIFF

         V.                                           Cause No.

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, VITAL CORE                                            DEFENDANT

<u>V. INJURIES</u>
<u>ATTACHMENT #2</u>

**If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.**

In April 2024, while being housed at The Mississippi State Penitentiary, I filed an ARP due to the fact that I was unable to see a speacialist. May 2024, I was transported to the University Of Mississippi Medical Center to discuss the results of a March 2024 MRI that was conducted on my neck and full body. I saw a neurology surgeon and never received a follow-up with him.

Annexed to this attachment is a copy of the response that I received from the Central Mississippi Correctional Facility Site Medical Director, Dr. Colette Scott on September 8, 2025. In the response she stated that St. Francis Hospital requested a follow-up visit after I underwent an emergency neurosurgical procedure. However, she did not see any documentation confirming that I was transported to the appointment.

Dr. Colette Scott continued stating that, she understood my perspective regarding the time between the original evaluations by UMMC Neurosurgery Department. That she was aware of my request to follow up with neurosurgery regarding the persistence of my lower extremity paraplegia, contractures and bladder/bowel incontinence as well as surgery on my lumbar spine. Due to UMMC performing the initial assessment and recommendation of both surgeries, specialty care was requested. Neurosurgical departments in Mississippi, including the University of Mississippi Medical Center have been unwilling to provide an follow-up or new consultations.

Inmate health is the responsibility of the Mississippi Department of Corrections and VitalCore Health Services while being held in custody. The response from Dr. Scott clearly shows that the proper health care was/has not been provided. The missed scheduled post-op visit has resulted in more pain, loss of mobility/flexibility and now me being assistant and wheelchair

dependent. As a result of being immobile, I have suffered Hydrocele of the groin which had to be taken care of by daily wound care.

As a result of my injuries and unfortunate declining medical conditions while under the care of VitalCore Medical Services, their neglect has deprived me of being able to continue to be a functional citizen upon my release. I am not unable to hold a decent job, be in a normal state for my grandchildren and now will not be able to have more children because of the current condition of my scrotum. As state above, the conditions that I am suffering from went untreated and/or not followed up on in a timely manner which is the basis of this suit.

STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI


KEDRICK NEILSON                                                    PLAINTIFF

          V.                               Cause No.

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, VITAL CORE                                           DEFENDANT


VI. RELIEF
ATTACHMENT #3


State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.


The plaintiff is seeking the monetary sum of $10,000,000 USD and immediate release from the custody of the Mississippi Department of Corrections in this lawsuit. The alleged acts, which have been explained in Attachment #1 and Attachment #2.

The plaintiff is seeking $5,000,000 USD due to not receiving proper medical care while incarcerated in the Mississippi Department of Corrections under the care of VitalCore for corrective conditions that since left untreated, have resulted in acute medical decline.

The plaintiff is seeking $3,000,000 USD due to being severely depressed as a result of inadequate medical treatment which resulted in being prescribed Rimron by the psychiatric nurse Kitchens while housed at the Central Mississippi Correctional Facility.

The plaintiff is seeking $2,000,000 USD due to being transferred from the Mississippi State Penitentiary due to expressing concern for his health, making numerous administrative remedy program filings and requesting to speak with the proper person who could answer questions. This resulted in missed appointments and defamation of character from VitalCore personnel as well as pain and suffering.

**VII.  Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
Central Mississippi Correctional Facility and the Mississippi State Penitentiary.

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?
In March 2024, I filed an administrative procedure remedy request while being housed at the Mississippi State Penitentiary concerning the pain that I was in and the lack of medical service that I was receiving at that time. Dr. Colett Scott responded to the request and two (2) months later I was notified of two (2) approved surgeries. One (1) for my neck and the other for my lower lumbar.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Central Mississippi Correctional Facility and the Mississippi State Penitentiary.
See attachment #2

2.    What did you claim in your grievance?

The first claim was filed due to not being scheduled to see a provider to discuss my health issues in a timely manner and to to referred to a specialist as the pain continuously progressed.

The second claim was filed due to not being transported to an approved surgical neurological procedure after being transferred to CMCF from MSP.

3.    What was the result, if any?

I received responses from Dr. Colette Scott (CMCF Site Medical Director) and Mr. Timothy Nichols (H.S.A./CMCF Medical Department) in which Dr. Scott stated that she did not see any documentation of be being schedule to a requested appointment. Mr. Nichols stated they he would get me schedule to see a provider in which he did the following month.          *that. K.~l.*

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

The grievance process was completed and all documentation regarding the issues were made.
See attachment #2

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

_____

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
**See attachment #2**

_____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.    _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        3-26-26

Signature of Plaintiff

Printed Name of Plaintiff    Kedrick Neilson

Prison Identification #    153080

Prison Address    3794 Highway 468 (P.O. Box 88550)

| Pearl | | MS | 39208 |
|---|---|---|---|
| City | | State | Zip Code |

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address